**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-16

UNITED STATES TAX COURT

LEON E. DANIELS AND MARGARET I. DANIELS, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5828-12S.                    Filed February 24, 2014.

Leon E. Daniels and Margaret I. Daniels, pro sese.

<u>Alicia H. Eyler</u> and <u>Julie L. Payne</u>, for respondent.

SUMMARY OPINION

MARVEL, <u>Judge</u>:  This case was heard pursuant to the provisions of section

7463[1] of the Internal Revenue Code in effect when the petition was filed.

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the years at issue, and all Rule references are to the

(continued...)

Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in petitioners' Federal income tax, additions to tax under section 6651(a)(1), and accuracy-related penalties under section 6662(a) as follows:

| Year | Deficiency | Addition to tax sec. 6651(a)(1) | Penalty sec. 6662(a) |
|------|-----------|--------------------------------|---------------------|
| 2005 | $9,297 | $2,472 | $1,859 |
| 2006 | 11,506 | 2,992 | 2,301 |
| 2007 | 4,384 | 739 | 877 |
| 2008 | 396 | -0- | 79 |
| 2009 | 941 | -0- | 188 |

After concessions, the issues for decision are: (1) whether petitioners may deduct, under section 162, expenses related to their use of four vehicles in 2005 and 2006; and (2) whether petitioners are entitled to bases in collectible gold coins they sold in 2007 and 2008 in excess of the amounts respondent allowed.[2]

---

[1](...continued) Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2]The parties stipulated or conceded the following adjustments to petitioners' Schedules C, Profit or Loss From Business: (1) respondent properly increased petitioners' gross receipts by $4,587, $1,317, $1,755, and $1,450 for 2005, 2006, 2007, and 2008, respectively, and properly reduced petitioners' gross receipts by $585 for 2009; (2) respondent properly disallowed a deduction for cost of goods

(continued...)

---

²(...continued)
sold of $8,391 for 2005 and properly increased petitioners' expense deductions by $6,500 for cost of goods sold for 2008; (3) petitioners' deduction for car and truck expenses should be increased by $562 for 2007; (4) respondent properly decreased petitioners' deduction for car and truck expenses by $6,240 for 2009; (5) petitioners are entitled to deduct 100% of their expenses related to the use of their 1965 Ford pickup truck for 2005 and 2006; (6) respondent properly disallowed petitioners' deduction for business use of their home of $150 for 2005 and properly increased petitioners' deductions for business use of their home by $1,007 and $2,254 for 2008 and 2009, respectively; (7) respondent properly disallowed deductions for other expenses of $1,500, $11,010, and $6,528 for 2005, 2006, and 2007, respectively; (8) respondent properly disallowed petitioners' deduction for interest expense of $2,012 for 2005 and properly increased petitioners' deductions for interest expense by $669 and $340 for 2008 and 2009, respectively; (9) respondent properly disallowed a deduction for repairs and maintenance of $5,561 for 2007; (10) respondent properly disallowed deductions for depreciation and sec. 179 expenses of $5,573, $288, $8,664, and $2,690 for 2006, 2007, 2008, and 2009, respectively; (11) petitioners' travel expense deduction for 2005 should be allowed; and (12) respondent properly disallowed petitioners' travel expense deduction of $6,855 for 2007.

The parties also stipulated that: (1) petitioners' itemized deductions on Schedule A, Itemized Deductions, are properly decreased by $1,719 for 2005 and properly increased by $10,662, $17,415, $12,667, and $4,406 for 2006, 2007, 2008, and 2009, respectively; (2) petitioners received $1,294 of unreported taxable interest in 2006; (3) petitioners are liable for self-employment tax on the increase in their self-employment income and are entitled to deduct from their gross income one-half of their self-employment tax liability for each year; (4) petitioners are liable for the additions to tax under sec. 6651(a)(1) for 2005, 2006, and 2007; and (5) petitioners are liable for the accuracy-related penalty under sec. 6662(a) for the years at issue to the extent of petitioners' unreported capital gains from the sale of coins and petitioners' disallowed deductions on Schedule C for car and truck expenses for 2005 and 2006.

## Background

Some of the facts have been stipulated and are so found. The stipulations of facts are incorporated herein by this reference. Petitioners resided in the State of Washington when they petitioned this Court.

I.     Vehicle Expenses

During the years at issue petitioners owned and operated A1 Carpet Cleaning, an unincorporated business. A1 Carpet Cleaning performed carpet and upholstery cleaning, water damage restoration, and fire damage restoration.

Petitioners owned nine vehicles and used these vehicles to varying degrees in connection with A1 Carpet Cleaning. These vehicles were a 1988 Jeep (Jeep), a 1986 Cadillac (Cadillac), a 1975 Chevrolet Nova (Nova), a 1994 Lincoln Continental (Lincoln), four vans, and a 1965 Ford pickup truck.[3] Petitioners used the Jeep, the Cadillac, the Nova, and the Lincoln (collectively, four vehicles) for both personal and business purposes during the years at issue. They did not, however, keep mileage logs to document the business use of the four vehicles or keep receipts for vehicle expenses.

---

[3]Expenses related to the four vans and Ford pickup truck are not in dispute.

II.    Collectible Coin Sales

Petitioners collect and sell coins.  During 2007 and 2008 they sold both silver and gold coins but did not maintain a log or registry to document their coin purchases and sales.  Petitioners realized proceeds of $81,216 and $181,944 from the sale of coins in 2007 and 2008, respectively.

III.    Petitioners' Tax Reporting and the Notice of Deficiency

Petitioners reported their income and expenses from A1 Carpet Cleaning on Schedules C attached to their Forms 1040, U.S. Individual Income Tax Return, for 2005 through 2009.  They reported actual car and truck expenses for the use of the nine vehicles of $20,882 and $24,462 in 2005 and 2006, respectively, and they deducted those expenses on the Schedules C for those years.

Petitioners did not provide their return preparer with original receipts[4] to support the vehicle expenses reported on the Schedules C.  Instead, they provided their return preparer with a handwritten sheet summarizing their vehicle expenses and the percentage of business use for each vehicle. Petitioners estimated that they used the four vehicles for business purposes 75% of the time and,

--------

[4]Petitioners' return preparer testified that the only receipts that petitioners provided were credit card receipts for some of the vehicle expenses reported on petitioners' returns.

accordingly, claimed deductions for car and truck expenses on Schedule C equal to 75% of the total expenses for these vehicles for each year at issue.

Petitioners did not report gains from their coin sales on their Form 1040 for 2007 or 2008. During the examination petitioners provided respondent with records to substantiate their bases in some of the coins sold during these years. Respondent allowed petitioners a basis of 50% of the sale price for the remainder of the coins sold in 2007 and a basis of 60% of the sale price for the remainder of the coins sold in 2008.

On January 4, 2012, respondent issued to petitioners the notice of deficiency. Respondent disallowed deductions for car and truck expenses of $8,557 and $13,493 claimed on the 2005 and 2006 Schedules C, respectively. The disallowed car and truck expense deductions included all of petitioners' reported expenses relating to the four vehicles. Respondent also determined that petitioners realized unreported capital gains of $42,875 and $28,728 for 2007 and 2008, respectively, from the sale of collectible coins.

## Discussion

### I. Burden of Proof

Generally, the Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the

determinations are erroneous. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof shifts to the Commissioner, however, if the taxpayer produces credible evidence to support the deduction or position, the taxpayer complied with the substantiation requirements, and the taxpayer cooperated with the Secretary[5] with regard to all reasonable requests for information. Sec. 7491(a); see also Higbee v. Commissioner, 116 T.C. 438, 440-441 (2001).

Petitioners do not contend that section 7491(a)(1) applies, and the record does not permit us to conclude that they satisfied the section 7491(a)(2) requirements. Accordingly, petitioners bear the burden of proving that respondent's determinations are erroneous.

II.    Vehicle Expenses

Generally, a taxpayer is entitled to deduct ordinary and necessary expenses paid or incurred in carrying on a trade or business. See sec. 162(a); Am. Stores Co. v. Commissioner, 114 T.C. 458, 468 (2000). An expense is ordinary if it is customary or usual within the particular trade, business, or industry or if it relates to a transaction "of common or frequent occurrence in the type of business

---

[5]The term "Secretary" means the Secretary of the Treasury or his delegate. Sec. 7701(a)(11)(B).

involved." Deputy v. du Pont, 308 U.S. 488, 495 (1940).  An expense is necessary if it is appropriate and helpful for the development of the business.  See Commissioner v. Heininger, 320 U.S. 467, 471 (1943).  Personal, living, or family expenses generally are not deductible.  See sec. 262(a).

A taxpayer must maintain records to substantiate claimed deductions and to establish the taxpayer's correct tax liability.  See sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Higbee v. Commissioner, 116 T.C. at 440. When a taxpayer establishes that he or she paid or incurred a deductible expense but does not establish the amount of the expense, we may estimate the amount of the deductible expense (Cohan rule).  Cohan v. Commissioner, 39 F.2d 540, 542-544 (2d Cir. 1930).  There must be sufficient evidence in the record, however, to permit us to conclude that the taxpayer incurred a deductible expense in at least the amount allowed.  See Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

For certain kinds of business expenses, section 274(d) overrides the Cohan rule.  See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969).  Under section 274(d), a taxpayer must satisfy strict substantiation requirements before a deduction is allowable.  These

requirements apply to any expense related to the use of listed property as defined in section 280F(d)(4), including passenger vehicles.[6]

Section 274(d) requires a taxpayer to substantiate vehicle expenses by adequate records or other corroborating evidence establishing (1) the amount of each use (i.e., the mileage for vehicles), (2) the time and place of the use, and (3) the business purpose of the use. See Fessey v. Commissioner, T.C. Memo. 2010-191; sec. 1.274-5T(b)(6), (c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46016-46017 (Nov. 6, 1985). Although a contemporaneous log is not required, corroborative evidence created at or near the time of the expenditure to support a taxpayer's reconstruction "of the elements * * * of the expenditure or use must have a high degree of probative value to elevate such statement" to the level of credibility of a contemporaneous record. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., supra.

---

[6]A taxpayer may deduct vehicle expenses on the basis of actual cost or by using the standard mileage rate, provided he or she substantiates the amount of business mileage and the time and purpose of each use. See sec. 1.274-5(j)(2), Income Tax Regs.; Rev. Proc. 2004-64, 2004-2 C.B. 898.

Petitioners testified that 75% of their use of the four vehicles was related to their business with A1 Carpet Cleaning.[7]  Respondent disallowed all expense deductions related to the four vehicles.  Although we have no doubt that petitioners used these vehicles partially for business purposes, we agree with respondent that petitioners' failure to substantiate the business use of the vehicles forecloses any deduction for expenses related to the four vehicles.

Petitioners did not comply with the strict substantiation requirements of section 274(d).  They did not maintain a contemporaneous diary, calendar, or mileage log of their business travel and have failed to prove that they otherwise made a record of the alleged business use of each vehicle at or near the time of the use.[8]  They did not retain receipts for the expenses reported, did not otherwise produce documentary evidence of the expenses reported, and did not establish the

---

[7]At trial petitioner Margaret Daniels testified that petitioners estimated that they used the four vehicles for business purposes 75% of the time "by assuming that if 25 percent of each one of * * * [the vehicles] was allocated to personal use, that would give a whole of one--equivalent to a whole of 100 percent for personal use on a vehicle."  This estimation of business use for the four vehicles falls short of the strict substantiation requirements of sec. 274(d).

[8]We indicated at trial a willingness to allow petitioners some percentage of business use with respect to the four vehicles.  But, after reviewing the record, we simply could not find any evidence to substantiate petitioners' business use of the vehicles or expenses related thereto that is sufficient to meet the strict requirements of sec. 274(d).

total business miles driven during the years at issue. Instead, petitioners offered general and uncorroborated testimony, along with a handwritten summary sheet of expenses and an estimate of the business use of each vehicle. Such evidence does not have the high degree of probative value necessary to elevate it to the credibility of a contemporaneous log. Accordingly, we conclude that petitioners have failed to substantiate their claimed vehicle expense deductions under section 274(d), and we sustain respondent's adjustments to petitioners' Schedule C car and truck expense deductions for 2005 and 2006 as modified by the parties' concessions.

III.    Collectible Coins

Gross income includes gains derived from dealings in property, including gains from the sale of collectible coins. See sec. 61(a)(3). Except under circumstances not present here, the entire amount of the gain on the sale of property is recognized. Sec. 1001(c). Section 1001(a) defines gain from the sale or other disposition of property as the excess of the amount realized on the sale of the property over the adjusted basis of the property sold or exchanged. See also sec. 1.61-6(a), Income Tax Regs. Section 1011(a) further provides that a taxpayer's adjusted basis for determining the gain from the sale or other disposition of property is its cost, adjusted to the extent provided by section 1016.

The adjusted bases of the coins petitioners sold are their costs to petitioners. See secs. 1011(a), 1012. Unfortunately, petitioners did not keep sufficient records to establish their cost basis in many of the coins sold. See sec. 1.6001-1(a), Income Tax Regs. Nevertheless, respondent allowed petitioners a basis equal to 50% of the sale price for the coins sold in 2007 and 60% of the sale price for the coins sold in 2008. Petitioners contend they are entitled to bases in excess of those allowed by respondent.

Petitioners testified that they purchased 57 gold coins from petitioner Leon Daniels' brother, Lynn Daniels, for $35,454. They contend that they are entitled to increased bases related to the purchase of these coins from Lynn Daniels and the subsequent sale of these coins during the years at issue.

Petitioners introduced into evidence a bill of sale dated August 27, 2006, purportedly signed by Lynn Daniels, to document the sale of 57 gold coins by Lynn Daniels to petitioner Leon Daniels. They did not, however, introduce corroborating evidence related to this transaction.[9] Moreover, they did not introduce evidence matching the purchase of the 57 gold coins from Lynn Daniels

---

[9]Petitioners did not call Lynn Daniels to testify at trial or otherwise provide evidence that Lynn Daniels received $35,454 from petitioners for the purchase of the gold coins. Petitioners testified that no records were available in part because the purchase of the 57 gold coins was made in cash and the cash was accumulated by petitioners over time.

to the sales of those coins during the years at issue. Indeed, petitioner Leon Daniels testified at trial that he was not sure if he sold the gold coins purportedly purchased from Lynn Daniels in 2007 or 2008,[10] but believed "it was somewhere in that area".[11]

In Schoch v. Commissioner, T.C. Memo. 1991-547, we held that a taxpayer must prove he or she is entitled to additional basis in collectible coins through competent evidence, not mere inference and speculation. Id. (citing Wood Corp. of Del. v. Commissioner, 22 B.T.A. 1182 (1931), aff'd, 63 F.2d 1023 (6th Cir. 1933). The taxpayers in Schoch argued that they were entitled to higher bases in gold and platinum coins that they claimed were accumulated over a number of

---

[10]Petitioners made at least nine sales of gold coins from the date of the purported purchase from Lynn Daniels through 2009. Six of these sales occurred during 2007 and 2008. Petitioners provided documentary evidence, other than the receipt from Lynn Daniels, to substantiate their bases in some of the coins sold as part of these six sales, and respondent allowed petitioners a basis of 50% or 60% on the remainder of the coins sold. We are unable to determine whether the coins that petitioners purportedly purchased from Lynn Daniels were sold in 2007 or 2008, and if so, whether the purchase of those coins entitles petitioners to bases higher than those respondent allowed.

[11]On brief petitioners attempt to revise petitioner Leon Daniels' testimony regarding the sale of the gold coins purportedly purchased from Lynn Daniels by stating that after reviewing the record of sales, Leon Daniels now "knows these coins * * * [were] sold in * * * 2007". Unsupported statements in briefs do not constitute evidence, and we will not consider them. See Rule 143; Niedringhaus v. Commissioner, 99 T.C. 202, 214 n.7 (1992) ("Statements in briefs, however, do not constitute evidence and cannot be used as such to supplement the record.").

years.  The taxpayers did not keep organized records of their purchases and sales and instead attempted to reconstruct a sales record.  We rejected the reconstructed sales records as not being probative evidence, noting that it would be a relatively simple matter for the taxpayers to fabricate transactions to limit taxable gain.

Assuming arguendo that the bill of sale from Lynn Daniels and petitioner Leon Daniels' testimony regarding the sale of the coins purportedly purchased from Lynn Daniels are competent evidence under Schoch, we still cannot conclude that petitioners are entitled to bases higher than those respondent allowed.  On the record before us, we find that petitioners have failed to produce evidence establishing the dates of the sales of the gold coins purportedly purchased from Lynn Daniels, and the record does not otherwise establish the dates of those sales.  As a result, we cannot conclude that petitioners are entitled to bases higher than those respondent allowed, and we sustain respondent's determination of petitioners' capital gains for 2007 and 2008.

We have considered the remaining arguments made by the parties and, to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the parties' concessions and the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.